## NATIONAL EMBLEM INSURANCE CO. v. JOHNSON.
No. 69-3776.

Circuit Court, Dade County.

July 7, 1969.

Spencer & Taylor, Miami, for plaintiff.

Wolfson, Diamond & Silverstein, Miami Beach, and Joseph Unger, Miami, for defendant.

GEORGE E. SCHULZ, Circuit Judge.

*Order compelling arbitration:* The plaintiff insurance company filed a motion to compel arbitration pursuant to F. S. 682.03, seeking an order directing the defendant to comply with the terms of the agreement for arbitration.

The defendant is an insured under a contract of insurance issued by the plaintiff and containing uninsured motorist coverage. On October 20, 1967 the insured allegedly suffered bodily injury as a result of a motor vehicle accident caused by the negligence of an uninsured motorist. Pursuant to the terms of the policy which

provide that disputes shall be settled by arbitration in accordance with the rules of the American Arbitration Association, the insured filed a demand for arbitration with the American Arbitration Association on July 5, 1968.

Thereafter the company, relying upon the conditions of its policy, requested the insured to (1) execute medical authorizations to enable the company to obtain medical reports and records, (2) submit to a physical examination by a physician of the company's choosing, (3) submit to oral examination under oath, and (4) answer a series of written questions under oath entitled "Supplemental Proof of Claim and Request for Pertinent Facts". The insured refused to comply with any of the above requests contending that the policy provisions relied upon became inapplicable once arbitration proceedings were commenced.

The rights of the parties are determined by (1) the insurance contract and (2) the rules of the American Arbitration Association, both of which are subject to the provisions of (3) the Florida Arbitration Code (F. S. 682.01 et seq.).

Neither the rules of the American Arbitration Association nor the Florida Arbitration Code contain any provisions in the nature of discovery, thus relegating the insurer to rely solely upon the terms of its policy. Said policy remains in effect after arbitration proceedings are commenced. The rules of the American Arbitration Association became a part of, but did not supplant, the insurance contract.

Neither the adopted rules of the American Arbitration Association nor the Florida Arbitration Code contain any provisions prohibiting or conflicting with the clear provisions of the insurance policy requiring the insured to comply with the requested avenues of discovery.

The policy provisions of a discovery nature are clear, reasonable, unambiguous and valid. They are designed to appraise the company of the validity, nature and severity of the insured's claim and to give the company sufficient information to determine its rights and liabilities thereunder. They remain binding and become more valuable after the claim becomes an adversary proceeding by the commencement of arbitration. They are comparable to the rights of discovery provided to litigants in a law action under modern rules of procedure and function to encourage full disclosure and minimize concealment to the end of the ascertainment of truth and should be allowed as a matter of right and justice. See Southern Mill Creek Products Co. v. Delta Chem. Co., Fla. App. 1967, 203 So.2d 50.

138

It is therefore ordered and adjudged that the plaintiff's motion be and the same is hereby granted and the defendant shall comply with the requested four policy provisions for discovery. Arbitration proceedings shall be stayed until thirty days following completion thereof. This court's temporary injunction of March 4, 1969 is hereby dissolved and the surety discharged.